UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-20604-CIV  COOKE/BROWN

VICTOR ARIAS, and others similarly
situated,

    *Plaintiff*,

v.

LEISURE CITY SERVICE CENTER, INC.
d/b/a CITGO,

    *Defendant*.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO VACATE FINAL JUDGMENT AND QUASH WRIT OF GARNISHMENT

**THIS CAUSE** is before the Court upon the Defendant, Leisure City Service Center, Inc.'s, Motion to Vacate Final Judgment and Quash Writ of Garnishment [**DE 36**]. Plaintiff, Victor Arias, filed a timely response to this motion. Defendant's time to file a reply has passed with no reply being filed.

Defendant argues that its Registered Agent, William Blakesberg, was never served and that neither he nor the Defendant had knowledge of this action prior to June 17, 2008. To support these claims, Defendant filed affidavits of Mr. Blakesberg and Reinaldo Leon, President of Leisure City Service Center, Inc. ("LCSC"). Plaintiff contends that Mr. Blakesberg's affidavit is irrelevant here, because the Verified Return of Service states that service was made on an employee of Mr. Blakesberg, not Mr. Blakesberg himself. Further, Plaintiff directs the Court to several documents of record which contain certificates of service, listing Mr. Blakesberg as being served with the documents via the United States Postal Service.

Plaintiff has the initial burden to prove lawful service of process, but that prima facie burden is met by a process server's return of service. *See Bodyup Fitness, LLC v. 2080039 Ontario, Inc.*, No. 07-22223, 2008 WL 516996, *3-*4 (S.D.Fla. Feb. 23, 2008); *TS Production, LLC v. Leadracer.com, Inc.*, No. 8:07-cv-686-T-24-EAJ, 2007 WL 4277535 (M.D.FLa. Dec. 3, 2007) ("Under Florida law, a return of service which is regular on its face is presumed valid unless clear and convincing evidence is presented to the contrary.") (citations and internal quotation marks omitted). The burden then falls to the Defendant to show, by strong and convincing evidence that service was not effectuated or was otherwise improper. *Id. See also* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1130 (3d. ed. 2008) (noting that a return of service constitutes prima facie evidence of valid service, and collecting cases supporting the proposition).

The only evidence LCSC has presented to attempt to rebut the presumption of effective service are the affidavits of Mr. Blakesberg and Mr. Leon. As to Mr. Blakesberg's affidavit, Plaintiff correctly points out that the affidavit does not refute the Return of Service which states that an employee of Mr. Blakesberg was served. Instead, the affidavit only states that Mr. Blakesberg himself, was not personally served. This is consistent with, not contrary to, the Return of Service. Moreover, Plaintiff's Motion for Entry of Default, Second Motion for Entry of Default, Motion for Default Judgment and for Attorney's Fees, two separate Notices of Ripeness, Motion to Continue Hearing on Default Judgment, and Affidavit of Costs and Fees all contain Certificates of Service stating that those documents were mailed to Mr. Blakesberg. Beyond stating that he was not aware of the lawsuit, Mr. Blakesberg has presented no evidence to show that these seven documents, any of which should have alerted a reasonable person to the existence or at least possibility of a lawsuit, were not received by him. Defendant, similarly, has made no such

contention.

I find that Defendant has not met its burden to rebut the presumption of service and, that even if service was not proper, Defendant should have had actual knowledge of the case through documents mailed to its registered Agent, William Blakesberg.  Therefore, Defendant has not presented good cause to set aside the entry of default.  *See* Fed. R. Civ. P. 55(c).  Accordingly, Defendant's Motion to Vacate Final Judgment and Quash Writ of Garnishment [DE 36] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of September, 2008.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Magistrate Judge Brown*
*All Counsel of Record*